IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS M. BOLICK | : | |
|     Plaintiff, | | |
| | | CIVIL ACTION |
| v. | : | NO. 14-320 |
| | | |
| HONORABLE ROBERT B. SACAVAGE | | |
| and HONORABLE ANNE E. THOMPSON | : | |
|     Defendants. | | |

**MEMORANDUM**

Jones, II  J.                                                                                                                    September 30, 2014

**I.        INTRODUCTION**

Plaintiff Thomas M. Bolick brings the within action against Defendants Honorable Robert B. Sacavage (President Judge of the Northumberland County Court of Common Pleas in Pennsylvania) and Honorable Anne E. Thompson (United States District Court Judge for the District of New Jersey), alleging various violations under 42 U.S.C § 1983.  The underlying basis for all of Plaintiff's claims is an Order issued by Judge Sacavage on November 13, 2007 vacating a previous Discharge Order that he had mistakenly signed on June 25, 2007.  (Compl. ¶ 39.)  Plaintiff alleges that Judge Sacavage was a part of a scheme to illegally reinstate Plaintiff's conviction in retaliation for filing a lawsuit against Northumberland County.  In response, Judge Sacavage has filed the instant Motion to Dismiss.

Because Plaintiff's claims are untimely, are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and cannot overcome the immunity both Defendants are cloaked in, the same shall be dismissed.[1]

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In January 1981, Plaintiff was sentenced to imprisonment after having pled guilty to a bank robbery charge in the Northumberland County Court of Common Pleas. (Compl. ¶ 29.)[2] In 2007, Plaintiff sought to vacate the 1981 judgment and expunge his record. The matter was assigned to Judge Sacavage, who inadvertently signed a proposed Order prepared by Plaintiff dismissing the action "for lack of jurisdiction due to fraud upon the court" on June 25, 2007.

---

[1] There appears to be an issue regarding service upon the Honorable Anne E. Thompson. Inasmuch as this Court lacks jurisdiction over Plaintiff's claims (as fully discussed hereinbelow), the service issue is rendered moot.

[2] This Court takes judicial notice of the fact that Plaintiff challenged his conviction in 1996 via a Petition for Post Conviction Collateral Relief, which was denied as untimely in 2001. Said denial was affirmed on appeal and allocator was denied by the Pennsylvania Supreme Court on August 22, 2002. The following year, Plaintiff sought to have his judgment vacated "due to judicial fraud" and the Northumberland County Court of Common Pleas denied his Petition on December 3, 2003. Reconsideration was similarly denied and the decisions were affirmed by the Pennsylvania Superior Court. Plaintiff then filed a Notice of Removal of his conviction to this Court in 2004, which was denied by the Honorable Jan E. DuBois on jurisdictional grounds in 2005. Plaintiff sought reconsideration and the same was denied on March 22, 2005. He then appealed Judge DuBois' decision to the Third Circuit and the same was affirmed on September 20, 2005. *Pennsylvania v. Bolick*, 144 F. App'x 274 (3d Cir. Pa. 2005). On October 29, 2005, Plaintiff filed a Civil Action "Complaint and Demand for Jury Trial and Motion to Vacate and Set Aside Judgment and to Expunge the Record" in this District. *Bolick v. Commonwealth of Pennsylvania*, Civ. No. 05-5455. The case was assigned to Judge DuBois and after Defendants filed a Motion to Dismiss, Plaintiff filed an Amended Complaint naming Judge DuBois as a Defendant and later seeking his recusal. Judge DuBois denied the request for recusal and the Commonwealth filed a Motion to Dismiss Plaintiff's Amended Complaint. Although Judge DuBois ultimately denied the request for recusal, the Honorable Anne E. Thompson of the District of New Jersey was designated by the Third Circuit on December 14, 2005 to preside over Plaintiff's case. On September 19, 2006, Judge Thompson granted the Motion to Dismiss. *Bolick v. Pennsylvania*, Civ. No. 05-5455, 2006 U.S. Dist. LEXIS 70422 (E.D. Pa. Sept. 12, 2006). Plaintiff filed for reconsideration, which was denied on October 20, 2006. *Bolick v. Pennsylvania*, Civ. No. 05-5455, 2006 U.S. Dist. LEXIS 81764 (E.D. Pa. Oct. 16, 2006). In 2007, Plaintiff then filed another Motion to Vacate/Strike Judgment in the Northumberland County Court of Common Pleas, the denial of which is at the core of his current Complaint.

(Compl. Exh. A.)  Upon realizing this error, Judge Sacavage vacated the June 2007 Order on November 13, 2007. (Compl. ¶ 39.)  On November 27, 2007, Plaintiff filed a Motion to Strike the November 13, 2007 Order and the same was denied by Judge Sacavage. (Compl. ¶ 40.)  Mr. Bolick then appealed this decision to the Pennsylvania Superior Court.  As his appeal was pending, Plaintiff obtained a copy of his criminal record from the Pennsylvania State Police and took issue with the 1981 conviction.  The Pennsylvania Attorney General's Office scheduled a hearing but before it could occur, the Superior Court quashed Plaintiff's appeal remanded the matter for reinstatement of the original Order denying Plaintiff's Motion to Strike.[3]  (Compl. ¶¶ 41, 47; *Commonwealth v. Bolick*, 965 A.2d 288 (Pa. Super. Ct. 2008)).   Plaintiff appealed this decision to the Pennsylvania Supreme Court and the ruling was affirmed.  (Compl. ¶ 42; *Commonwealth v. Bolick*, 602 Pa. 675 (Pa. 2009)).

In 2010, Plaintiff commenced an action in the Commonwealth Court of Pennsylvania against the Pennsylvania State Police, in which he challenged the Office of Attorney General's decision to refuse to modify his sentence.  Apparently while the Commonwealth Court action was still pending, Plaintiff filed a civil action in the Bucks County Court of Common Pleas against the Commonwealth of Pennsylvania, the State Police, various troopers, the Northumberland County District Attorney's Office, the Public Defender's Office, and attorneys within each office.  Said Complaint was again based upon Plaintiff's 1981 conviction and the June 2007 Order.  On April 1, 2010, the matter was removed to this Court, with the Honorable Anne E. Thompson presiding by designation.  As Plaintiff's federal case was pending, the Commonwealth Court issued an Opinion rejecting Plaintiff's request for relief regarding his

---

[3]  The result of this Superior Court ruling is a September 29, 2009 Order issued by Judge Sacavage and entered on October 6, 2009.  (Compl. ¶ 47; *Commonwealth v. Bolick,* 69 A. 3d 1267, 1268 (Pa. Super. 2013)).

criminal record. *Bolick v. Pa. State Police*, 2011 Pa. Commw. Unpub. LEXIS 441 (Pa. Commw. Ct. 2011), *aff'd*, 64 A.3d 621 (Pa. 2013). Meanwhile, Defendants in the federal action sought dismissal of Plaintiff's Complaint, which Judge Thompson granted on March 15, 2011. *Bolick v. Pennsylvania*, Civ. No. 10-1461, 2011 U.S. Dist. LEXIS 27513 (E.D. Pa. Mar. 15, 2011). Plaintiff petitioned for reconsideration, which was denied on April 21, 2011. *Bolick v. Pennsylvania*, Civ. No. 10-1461, 2011 U.S. Dist. LEXIS 43656 (E.D. Pa. Apr. 19, 2011). On March 29, 2013, the Third Circuit affirmed Judge Thompson's ruling, agreeing that Plaintiff failed to state any federal or state law claims upon which relief could be granted with regard to his 1981 conviction. *Bolick v. Pennsylvania*, 473 F. App'x 136 (3d Cir. Pa. 2012).

Apparently while Plaintiff's federal case was pending before Judge Thompson, Plaintiff filed another request for relief in the Northumberland County Court of Common Pleas, again seeking to have the June 25, 2007 Order reinstated. His request was denied and Plaintiff appealed. In a somewhat scathing Opinion by the Pennsylvania Superior Court, it was noted:

> This is not the first time that Appellant has reasserted issues that already have been decided by our courts. For thirty years, Appellant persistently has petitioned our trial courts, appellate courts, and federal courts in efforts to overturn his 1981 burglary conviction.
>
> * * * *
>
> In light of the frivolous and vexatious litigation pursued by Appellant, the Commonwealth suggests that we issue an order barring Appellant from presenting our courts with any more filings in CV-07-441 and CR-79-323. Commonwealth's Brief at 4. We agree that Appellant has long abused the judicial process with repeated filings that raise issues decided previously. We bar Appellant's future appeals raising claims already decided on the merits by this Court.
>
> * * * *
>
> While this litigation began in our criminal courts, Appellant has sought relief in our civil courts since at least 2005. Accordingly, we direct the Commonwealth's attention to Pa.R.C.P. 233.1, which permits a court of common pleas to dismiss and bar frivolous pro se litigation at the prompting of a defendant.

4

*Bolick v. Commonwealth*, 69 A.3d 1267, 1269 (Pa. Super. Ct. 2013) (citations omitted).

Plaintiff sought reargument on his appeal before the Superior Court and the same was denied. *Bolick v. Commonwealth*, 2013 Pa. Super. LEXIS 2634 (Pa. Super. Ct. Aug. 5, 2013). He petitioned for Allowance of Appeal before the Pennsylvania Supreme Court, which was similarly denied. *Bolick v. Commonwealth*, 84 A.3d 1061 (Pa. 2014). Essentially shut out of state court, Plaintiff commenced the instant action against Judges Sacavage and Thompson – again seeking relief from his 1981 conviction and reinstatement of the June 2007 Order.

**III. DISCUSSION**

**A. Timeliness of Claims**

Contained within Plaintiff's current Complaint, are various Section 1983 claims all premised on the Order signed by Judge Sacavage on November 13, 2007.[4] As set forth above, Plaintiff has challenged his 1981 conviction (including the November 13, 2007 Order) in one manner or another and every claim has either been rejected on the merits or denied as untimely. The claims contained within the Complaint currently before this Court are nothing more than a re-hashing of the same issue he has been litigating for decades. There has been no continuing violation that saves this case from the applicable two-year statute of limitations for bringing Section 1983 claims.[5] *See Kadonsky v. New Jersey*, 188 F. App'x 81, 85 (3d Cir. 2006)

---

[4] *See also supra.* n.3.
[5] *See Blatt v. Pa. Bd. of Prob. & Parole,* Civ. No. 12-1738, 2014 U.S. Dist. LEXIS 106577, at *40 (W.D. Pa. Aug. 4, 2014) ("In general, the statute of limitations begins when an initial violation of a plaintiff's rights occurs, even if there are actions that follow this violation which cause injury to the plaintiff. However, the continuing violations doctrine may extend the statute of limitations when the defendant's actions are 'part of a continuing practice' if the 'last act of the continuing practice is within the limitations period.'") (quoting *Cibula v. Fox,* Civ. No. 13-3565, 2014 U.S. App. LEXIS 12029, at *14 (3d Cir. 2014)). Clearly, such is not the case here.

(affirming district court's determination that § 1983 claims against the County arising out of alleged false arrest/ imprisonment and conspiracy from 1992 were time-barred by at least four years); *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (applying Pennsylvania's two-year statute of limitations for personal injury claims to Plaintiff's Section 1983 action and noting that said action "accrues when the plaintiff knew or should have known of the injury upon which its action is based.") (citations omitted).

In view of the foregoing, Plaintiff's claims pertaining to the validity of the 2007 Orders signed by Judge Sacavage are untimely and this Court is without jurisdiction to rule on the merits of same.

### B. *Heck* Preclusion

Assuming *arguendo* Plaintiff's claims are not untimely, they are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* precludes Plaintiff from seeking Section 1983 damages when the granting of same "would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Plaintiff herein is asking this Court to do precisely what *Heck* forbids. Despite <u>repeated</u> opportunities to demonstrate that his guilty-plea-based conviction was invalid, Plaintiff has failed to do so.[6] Accordingly, his Complaint must be dismissed.

---

[6] Plaintiff's argument that the Order erroneously-signed by Judge Sacavage on June 25, 2007 invalidated his conviction has been rejected by every court in the Commonwealth of Pennsylvania (on several occasions), as well as by other federal courts within the Third Circuit. This Court finds no differently.

### C. Judicial Immunity

Lastly, this Court finds that both judges named as defendants herein are immune from suit. *See Chambers v. Hathaway*, 406 F. App'x 571, 574 (3d Cir. Pa. 2011) (finding that a judge "acting within her judicial capacity and within her jurisdiction" when the allegedly injurious act occurred was "immune from suit for any civil rights violation under the doctrine of absolute judicial immunity.") (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1978)); *Kadonsky v. New Jersey*, 188 F. App'x 81,84 (3d Cir. N.J. 2006)) (reiterating that "judicial defendants are absolutely immune from suit [when] all of their alleged wrongful acts are judicial in nature."). Clearly, Judge Sacavage was acting within his judicial capacity and within his jurisdiction when he erroneously signed the June 25, 2007 Order, vacated same via the November 13, 2007, and followed the Superior Court's directive via his Order issued on September 29, 2009. Similarly, despite Plaintiff's protestations to the contrary, Judge Thompson's rulings on Motions to Dismiss brought by Defendants being sued by Plaintiff in federal court were also made within her judicial capacity and jurisdiction. Accordingly, immunity attaches and Plaintiff's Complaint against these parties must be dismissed.

### IV. Conclusion

Plaintiff herein has been contesting the validity of his 1981 conviction in one manner or another for nearly two decades. Four different state courts within the Commonwealth of Pennsylvania have repeatedly rejected every challenge. Moreover, three federal judges within this District have assessed Plaintiff's claims regarding the conviction/Orders and have rejected same. The decisions by Judges DuBois and Thompson have been reviewed by six different Circuit Court judges on two different panels of the Third Circuit Court of Appeals and have been

affirmed.  Plaintiff has raised no new claims in his most recent filing – he has simply refashioned old claims against two new defendants.  For the reasons set forth hereinabove, Plaintiff's Complaint shall be dismissed with prejudice.[7]

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II     J.

---

[7] In view of the procedural history of this case, Plaintiff is strongly urged to carefully consider the nature of any future claims he may intend to file, at the risk of potentially being restricted from doing so.  *See In re Oliver*, 682 F.2d 443, 445 (3d Cir. Pa. 1982) ("It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated. The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims.")